IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANELL PATRICE ANDRADE,

    Plaintiff,

v.                                                                               No. 13-cv-0780 SMV

CAROLYN COLVIN,
Acting Comm'r of SSA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand Commissioner's Administrative Decision [Doc. 19] and the Memorandum in Support of the Motion [Doc. 20] (collectively, "Motion"), filed on May 9, 2014. The Commissioner responded on July 7, 2014. [Doc. 21]. Plaintiff replied on August 4, 2014. [Doc. 23]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 22]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") impermissibly picked and chose from among the findings in Dr. Bridge's report in determining Plaintiff's residual functional capacity ("RFC"). The Court further finds that the RFC is not supported by substantial evidence. Therefore, the Motion will be GRANTED and that the case be remanded for further proceedings consistent with this opinion.

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## I.    Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

## II.     Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on August 18, 2009.  Tr. 144–152.  Plaintiff alleged a disability onset date of November 26, 2008.  Tr. 146.  Plaintiff's claims were denied initially and on reconsideration.  Tr. 75, 79.  Plaintiff requested a hearing before an ALJ.  Tr. 13.  ALJ Barry O'Melinn held a hearing on October 4, 2011, in Albuquerque, New Mexico.  Tr. 27–74.  Plaintiff appeared in person and was represented by counsel, Michael D. Armstrong, Esq.  *Id*.  The ALJ took testimony from Plaintiff and from an impartial vocational expert Clarence Hulett, who appeared telephonically.  *Id*.

The ALJ issued his unfavorable decision on December 13, 2011.  Tr. 15–26.  At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 20.  Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two.  *Id*.  Next, at step two, he found that Plaintiff suffered from the following severe impairments: "lumbar degenerative disc disease; affective disorder; mood disorder; personality disorder; migraines; and insomnia."  *Id*.  At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a Listing.  Tr. 21–22.

Because Plaintiff's impairments did not meet a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 21–25.  The ALJ found that Plaintiff has the RFC:

> To perform light work as defined in 20[C.F.R. §§] 404.1567(b) and 416.967(b) [and is] limited to never climbing ladders/ropes/scaffolds; occasionally balancing, stooping, kneeling, crouching, crawling, and climbing ramps/stairs; must avoid concentrated exposure to operational control of moving machinery, unprotected heights, and hazardous machinery.  Claimant can understand, carry out, and remember detailed but not complex instructions and make commensurate work-related

4

>     judgments and decisions; can maintain attention to detail and
>     alertness for up to two hours at a time; and can interact
>     appropriately with others and respond to changes in the workplace.

Tr. 22.  At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a program director, cashier, and administrative assistant." Tr. 25.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claims.  Tr. 26.  The Appeals Council denied Plaintiff's request for review on June 18, 2013.  Tr. 1–6.  Plaintiff timely filed the instant action on August 21, 2013.  [Doc. 1].

### III.  Analysis

Plaintiff makes two arguments in challenging the ALJ's determination that she has not been under a disability: (1) that legal error was committed at step four, and the findings regarding past relevant work are not supported by substantial evidence; and (2) that the ALJ erred by failing to consider findings by expert non-examining psychologist, Charles F. Bridges, Ph.D. [Doc. 20] at 13.  The Court will only consider whether the ALJ erred in determining Plaintiff's RFC, since the other errors may be rendered moot by reconsideration of Plaintiff's RFC.

#### A.  The ALJ erred in formulating the RFC.

Plaintiff argues that the ALJ ignored findings by expert non-examining psychologist, Charles F. Bridges, Ph.D.  [Doc. 20] at 13.  The ALJ determined Plaintiff able to perform light work. Tr. 22.  In the RFC, the ALJ found Plaintiff able to "understand, carry out, and remember detailed but not complex instructions . . . maintain attention to detail . . . [and] interact appropriately with others and respond to changes in the workplace.  *Id*.  However, Plaintiff asserts that the RFC does not account for Dr. Bridges' assessment that Plaintiff has moderate

limitations, "amongst others, in [her] ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and [her] ability to respond appropriately to changes in the work setting.[3]  [Doc. 20] at 14.  The Commissioner responds that the ALJ properly considered Dr. Bridges' opinion and found that "Plaintiff was less limited than Dr. Bridges found, given Dr. Kilmer's opinion that Plaintiff exaggerated during testing, Plaintiff's activities of daily living, [and] Plaintiff's ability to be a caregiver to her grandmother."  [Doc. 21] at 9–10.

Plaintiff argues that the case should be remanded because the ALJ "included some of Dr. Bridges' limitations in [Plaintiff's] RFC, but excluded [others]."  [Doc. 20] at 14.  Plaintiff further argues that "moderate limitations are **not** discardable limitations."  [Doc. 20] at 15.  Plaintiff urges this Court, in light of prevailing legal authority, to find the ALJ's RFC defective and unsupported by substantial evidence.  [Doc. 20] at 15.

In his decision, the ALJ specifically states that the State agency psychological consultants must be treated as expert opinion evidence of non-examining sources and that they "may not ignore these opinions and must explain the weight given to these opinions."  Tr. 24–25.  Accordingly, the ALJ gives considerable weight to Dr. Bridges' opinion.  Then, the ALJ determines Plaintiff less limited in the area of social functioning despite Dr. Bridges' opinion that Plaintiff has moderate difficulties.  Tr. 25; Tr. 274.  Assuming arguendo that the ALJ's RFC pertaining to social functioning is supported by substantial evidence, the ALJ does not include Plaintiff's other limitations in the RFC nor does he explain why he discounted Dr. Bridges'

---

[3] Dr. Bridges' Mental Functional Capacity Assessment determined that Plaintiff was moderately limited in seven of twenty listed mental activities.  Tr. 278–279.

findings. Specifically, Dr. Bridges found Plaintiff "moderately limited" in the following other areas:

> 3. The ability to understand and remember detailed instructions.
>
> 5. The ability to carry out detailed instructions.
>
> 11. The ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.
>
> 17. The ability to respond appropriately to changes in the work setting.

Tr. 278–279. Although the ALJ adopted parts of Dr. Bridges' opinion, the above-listed limitations are not reflected in the ALJ's RFC assessment. Tr. 22. The Commissioner asserts that Dr. Bridges' opinion is consistent with the ALJ's RFC because Dr. Bridges "opined that even with Plaintiff's mental impairments, Plaintiff could understand, remember and carry out simple and some complex tasks under routine supervision."[4] [Doc. 21] at 9.

ALJs are not required to discuss every piece of evidence; however, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). When assessing a plaintiff's RFC, the ALJ must explain the weight assigned to each opinion and why. Social Security Ruling ("SSR") 96-5p. "An ALJ is not entitled to pick and choose through an uncontracticted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). In *Haga*, the Tenth

---

[4] Dr. Bridges' Functional Capacity Assessment concluded "Claimant can understand, remember, and carry out simple and some complex tasks under routine supervision. She can relate to coworkers and supervisor for work purposes. She can tolerate some involvement with the general public." Tr. 280.

7

Circuit held that the ALJ erred when he failed to explain why he adopted some of the consulting mental health professional's ("consulting examiner's") restrictions but not others. *Id*. "[T]he ALJ did not state that any evidence conflicted with [the consulting examiner's] opinion or mental RFC assessment." *Id*. The Tenth Circuit decided to remand "so the ALJ [could] explain the evidentiary support for his RFC determination." *Id*. The Tenth Circuit applied *Haga* and its reasoning to the opinions of non-examining physicians in *Frantz v. Astrue*. 509 F.3d 1299, 1302–03 (10th Cir. 2007) (reversing and remanding for the same reasons—explanation of the evidence in determining the RFC).

Here, the ALJ adopted portions of the non-examining psychologist's opinion but rejected other portions—without explanation. Tr. 24–25. While the Commissioner argues that the ALJ considered Dr. Kilmer's opinion that Plaintiff was exaggerating during testing, as well as Plaintiff's testimony in determining Plaintiff's RFC, the ALJ did not identify what weight he assigned to the medical opinions/records that he relied on in rejecting Dr. Bridges' moderate limitations.[5] The Court finds that the ALJ erred in formulating the RFC without addressing Plaintiff's moderate limitations. Remand is required to correct this error.

Plaintiff argues that the ALJ committed additional errors. However, proper assessment of the RFC may affect the other alleged errors. Therefore, the Court declines to address these alleged errors at this time.

---

[5] The ALJ did not assign any weight to Dr. Kilmer's evaluation. Although the ALJ reasoned that Dr. Kilmer's evaluation is medical evidence that Plaintiff is prone to exaggeration, the actual purpose of the exam was diagnostic and intervention i.e. proposed treatment, not an RFC assessment. Tr. 24.

## IV. <u>Conclusion</u>

Remand is required for consideration of the RFC under the proper legal standards. Because the other errors alleged by Plaintiff will necessarily be affected by proper consideration of Dr. Bridges' opinion, those errors need not be addressed at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Remand or Reverse [Doc. 19] is **GRANTED**.  The Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings in accordance with this opinion.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**